1402

## MOTION DOCKET

**92–2019.** State v. Fox. *Wood County,* No. 90WD067. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the timely filing of a petition for a writ of certiorari in the Supreme Court of the United States,

IT IS ORDERED that said motion be, and the same is hereby, granted, effective July 26, 1994.

IT IS FURTHER ORDERED that the compliance with the mandate and the execution of sentence be, and the same are hereby, stayed pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

PFEIFER, J., dissents.

**94–1453.** Nwabara v. Willacy. *Cuyahoga County,* No. 65450. This cause is pending before the court as a discretionary appeal and a claimed appeal of right. Upon consideration of appellant's motion for supersedeas bond continuing and/or restoring stay,

IT IS ORDERED by the court that the motion for supersedeas bond continuing and/or restoring stay be, and the same is hereby, denied, effective July 26, 1994.

**94–1553.** State ex rel. Governor v. Taft. In Mandamus and Prohibition. This cause originated in this court on the filing of a complaint for writs of mandamus and prohibition. Upon consideration thereof,

IT IS ORDERED by the court, effective July 26, 1994, that an alternative writ be, and the same is hereby, granted, and the following schedule is set for the presentation of evidence and filing of briefs pursuant to S.Ct.Prac.R. X:

The parties shall file evidence on or before August 9, 1994; relator shall file his brief on or before August 16, 1994; respondent shall file his brief on or before August 23, 1994; and relator shall file his reply brief on or before August 26, 1994.

DOUGLAS, J., would also grant oral argument.

MOYER, C.J., and WRIGHT, J., dissent.

## MISCELLANEOUS DISMISSALS

**94–401.** Westside Cellular, Inc. v. Pub. Util. Comm. Public Utilities Commission, No. 89–563–TP–COI. This cause is pending before the court as an appeal from the Public Utilities Commission of Ohio. Upon consideration of the joint application to dismiss,

IT IS ORDERED by the court that the application be, and the same is hereby, granted, effective July 21, 1994.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**94–527.** Westside Cellular, Inc. v. Pub. Util. Comm. Public Utilities Commission, No. 91–1726–RC–AEC. This cause is pending before the court as an appeal from the Public Utilities Commission of Ohio. Upon consideration of the joint application to dismiss,

IT IS ORDERED by the court that the application be, and the same is hereby, granted, effective July 21, 1994.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.